# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**Beonica V. Gaskill-Clayborn** — **PLAINTIFF**

v.    No. 1:20cv128-DMB-RP

**Mighty Oaks Child Development Center, LLC & Unemployment Compensation Board of Appeal, Commonwealth of Pennsylvania** — **DEFENDANTS**

**(JURY TRIAL DEMANDED)**

## COMPLAINT

The Plaintiff Beonica Clayborn was fired by Mighty Oaks Child Development Center when she refused to work on Halloween. As she told her supervisor, she is Jehovah's Witness and her religion prohibits her from participating in holiday celebrations. The law protects religious freedom, and Defendant is in violation of that law. For this reason, COMES NOW THE PLAINTIFF, by and through her attorney, and alleges as follows:

### JURISDICTION, VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter arises under federal law, specifically Title VII of the Civil Rights Act of 1964. 28 U.S.C. § 2000e et seq.

2. Venue in the United States District Court for the Northern District of Mississippi is proper under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to the claim took place in Starkville, Mississippi.

### PARTIES, EXHAUSTION, COVERAGE

3. Plaintiff BEONICA V. GASKILL-CLAYBORN, ("Ms. Clayborn") is a former preschool teacher at Mighty Oaks Child Development Center, mother of four, and a practicing Jehovah's Witness.

4. Defendant MIGHTY OAKS CHILD DEVELOPMENT CENTER, LLC (hereafter MOCDC) is a childcare center in Starkville, Mississippi, and the Plaintiff's former employer.

5. Dana Tait is an agent of MOCDC and the former manager of the Plaintiff.

6. MOCDC employed fifteen or more employees for each working day for twenty or more calendar weeks in 2019, and it is not a religious organization.

7. MOCDC is subject to Title VII of the Civil Rights Act of 1964.

8. Defendant UNEMPLOYMENT COMPENSATION BOARD OF APPEAL of the Commonwealth of Pennsylvania (hereafter Unemployment Board) is the proper defendant when suing for judicial review of an administrative board decision.

9. Plaintiff timely filed an administrative charge for unlawful discrimination with the Equal Employment Opportunity Commission. (Exhibit A)

## FACTS

10. At her second interview with MOCDC, Ms. Clayborn informed manager Dana Tait that Ms. Clayborn is a Jehovah's Witness.

11. According to the Jehovah's Witnesses religious beliefs, the celebration of certain holidays - including Halloween - is forbidden by scripture.[1]

---

[1] *See Why Don't Jehovah's Witnesses Celebrate Certain Holidays?,* JEHOVAH'S WITNESSES, https://www.jw.org/en/jehovahs-witnesses/faq/jw-celebrate-holidays/ (last visited June 3, 2020).

12. At MOCDC, the teachers and staff often mark holidays by decorating the classrooms and facilitating holiday activities for the children. This includes Halloween.

13. During her interview with Ms. Tait, Ms. Clayborn explained that she would need the day off work on certain religiously prohibited holidays, including Halloween, both out of respect for her own religious beliefs, and to care for her children, who do not attend school on those days.

14. Ms. Tait replied that taking off work those days would not be a problem, as long as Ms. Clayborn requested those days off in advance.

15. On August 2, 2019, Ms. Tait hired Ms. Clayborn as a preschool teacher.

16. On or around October 5, 2019, Ms. Clayborn reminded Ms. Tait of their arrangement and asked her for the day off on October 31, because her classroom would be celebrating Halloween that day.

17. Ms. Tait replied by asking Ms. Clayborn to put in a formal written request about two weeks before October 31.

18. On or around October 17, Ms. Clayborn turned in a written request.

19. On October 29, just two days before the day Ms. Clayborn had requested off, Ms. Tait informed Ms. Clayborn that she would be required to work on October 31.

20. As reasoning for her decision, Ms.Tait said, "If I do it for you, I'll have to do it for everybody."

21. Upon information and belief, no other staff at the childcare center were Jehovah's Witness.

22. Ms. Clayborn told Ms. Tait that she had already scheduled her daughter a dentist's appointment for October 31, and that if she cancelled, she would miss a deadline that would cause her daughter to lose her placement in a Head Start preschool program.

23. Ms. Tait replied "I don't know what you're going to do" and told Ms. Clayborn that if her daughter lost her spot, she could simply attend Mighty Oaks instead.

24. On October 31, at 5:32 a.m., Ms. Clayborn texted Ms. Tait that she would not be coming into work that day because of the "two reasons" they discussed - her religious beliefs and her daughter's dentist's appointment.

25. In a series of text replies, Ms. Tait stated that Ms. Clayborn was not permitted to be off work on October 31.

26. Ms. Clayborn reiterated that she had to take the day off, and also informed Ms. Tait she needed November 1 off too.

27. The text messages exchanged between Ms. Clayborn and Ms. Tait are shown in Exhibit B, and incorporated by reference herein.

28. Per her text messages Ms. Clayborn did not come into work on October 31st or November 1st.

29. When Ms. Clayborn returned to work on Monday, November 4, she was called into a meeting with Ms. Tait.

30. At this meeting, Ms. Tait fired Ms. Clayborn.

31. The conversation between Ms. Clayborn and Ms. Tait on November 4 was recorded and is reflected in the attached transcript (Exhibit C), and incorporated by reference herein.

32. In a subsequent unemployment hearing, Ms. Tait lied about what she said in this meeting, reflecting that her violation of the law was knowing and willful.

33. Since being fired for her religion, Ms. Clayborn has suffered from extreme financial hardship. She and her husband had to drop their college courses because they could no longer afford the payments. Because of the loss of income, Ms. and Mr. Clayborn have had to cut back on household items, pay bills late, incur late fees, and miss car payments to be able to afford rent.

34. Ms. Clayborn has also suffered from extreme emotional distress and physical symptoms because of her termination. In January, 2020, the depression and stress from losing her job caused Ms. Clayborn to lose a pregnancy to miscarriage.

35. The Defendant Unemployment Board erroneously found that Ms. Clayborn was not entitled to unemployment benefits.

36. This finding was erroneous both on the facts and the law, and in particular it ignored the recorded statement which established that Ms. Clayborn was fired and that Ms. Tait lied about it under oath at the hearing.

37. The erroneous decision of the Unemployment Board is attached as Exhibit D. This is not to be understood as an admission that anything therein is true. The decision is attached solely to demonstrate that the decision was made.

38. Plaintiff timely filed this action for review within 30 days of the Board decision.

## CAUSE OF ACTION

### COUNT 1: Title VII Failure to Accommodate

39. Under Title VII of the Civil Rights Act of 1964, an employer has a duty to reasonably accommodate the employee or prospective employee's religious observance or practice.

40. At her second interview with the Plaintiff, MOCDC agreed to accommodate the Plaintiff's religion by not requiring her to work religiously objectionable holidays as long as the Plaintiff requested those days off in advance.

41. The Plaintiff requested not to work on October 31, and she did so orally and in writing over two weeks in advance.

42. Ms. Tait knew that the Plaintiff was requesting off October 31 because the Plaintiff's religion prohibits her from participating in Halloween celebrations.

43. Ms. Tait failed to reasonably accommodate the Plaintiff's religion when she required the Plaintiff to work on October 31.

44. Under Title VII this is unlawful discrimination and Plaintiff was harmed thereby.

### COUNT 2: Title VII Religious Discrimination

45. MOCDC is prohibited by Title VII of the Civil Rights Act of 1964 from discriminating against an employee because of the employee's religion.

46. MOCDC took an adverse employment action against the Plaintiff when Ms. Tait terminated Ms. Clayborn's employment.

47. The Plaintiffs religion was a motivating factor in MOCDC's decision to terminate the Plaintiff's employment.

48. Ms. Tait terminated Ms. Clayborn's employment because of Ms. Clayborn's religion, even though Ms. Tait knew it was unlawful to do so.

49. Under Title VII this is unlawful discrimination and Plaintiff was harmed thereby.

### COUNT 3: Administrative Appeal of Unemployment Decision

50. Pennsylvania law provides that a party may request judicial review of an adverse decision of the Defendant Unemployment Board within 30 days.

51. Plaintiff timely filed this request for review.

52. The Board committed errors of law and made findings of fact unsupported by substantial evidence.

53. The Unemployment Board's findings of fact were not supported by substantial evidence, but rely on Ms. Tait's false statement that she did not fire the Plaintiff.

54. The Unemployment Board must be reversed.

### REMEDIES

Plaintiff seeks all remedies available, including but not limited to the following:

a. A final judgment declaring that the actions of Defendants described herein violate the law as alleged;

b. An award of back pay and any lost employment benefits;

c. Lost unemployment benefits;

d. Front pay and/or reinstatement as appropriate;

e.  An injunction curing the violations alleged herein, and prohibiting any future similar violations;

f.  Any other equitable relief as the court deems appropriate;

g.  Compensatory damages for emotional distress and any other non-pecuniary harms flowing from the actions alleged herein;

h.  Consequential damages and any other pecuniary harms flowing from the unlawful acts complained of herein;

i.  Punitive damages commensurate with the misconduct and necessary to deter violations of the law;

j.  Notice given to all employees regarding the violations found by this court, and notifying such employees of the order entered proscribing any future similar violations;

k.  Pre- and post-judgment interest;

l.  Attorney fees;

m.  Costs; and

n.  Any other relief available under any applicable principle in law or equity.

The foregoing Complaint is respectfully submitted on behalf of Plaintiff by and through counsel:

/s/Joel Dillard     Date: June 18, 2020
Joel Dillard
JOEL F. DILLARD, PA
775 N. Congress St.
Jackson, MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com
M.S. Bar No. 104202
Counsel for Plaintiff