IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BEONICA V. GASKILL-CLAYBORN**                                  **PLAINTIFF**

**V.**                                                                                          **NO. 1:20-CV-128-DMB-RP**

**MIGHTY OAKS CHILD DEVELOPMENT**
**CENTER, LLC; and UNEMPLOYMENT**
**COMPENSATION BOARD OF APPEAL,**
**Commonwealth of Pennsylvania**                                      **DEFENDANTS**

## ORDER

On June 18, 2020, Beonica V. Gaskill-Clayborn filed a complaint in the United States District Court for the Northern District of Mississippi against Mighty Oaks Child Development Center, LLC, and the Unemployment Compensation Board of Appeal of the Commonwealth of Pennsylvania. Doc. #1. The complaint alleges that Mighty Oaks violated Title VII by failing to accommodate Gaskill-Clayborn's religion and by terminating her due to her religion. *Id.* at PageID 6–7. The complaint also seeks review of the Unemployment Compensation Board's decision that Gaskill-Clayborn was not entitled to unemployment benefits. *Id.* at PageID 7.

Gaskill-Clayborn moved for entry of a default against Mighty Oaks on October 22, 2020. Doc. #10. The Clerk of Court entered a default against Mighty Oaks on October 27, 2020. Doc. #11. Two days later, Gaskill-Clayborn moved for a default judgment against Mighty Oaks. Doc. #12. The motion references "the accompanying memorandum" but a memorandum brief was not filed as required by Local Rule 7(b)(4).

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126

F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). The first two steps have been satisfied here. Thus, the only issue left to consider is whether a default judgment should be entered.

To determine whether a default judgment should be entered, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F. Supp. 3d at 814. To determine whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Gaskill-Clayborn's failure to submit a memorandum brief discussing these considerations is alone grounds to deny the motion for default judgment. *See* L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion."). Though the motion requests that the Court "enter default judgment against [Mighty Oaks] and set a date for a [sic] evidentiary hearing on damages," Doc. #12 at 1, the motion does not mention the claims in the complaint or explain why a default judgment is procedurally justified. Given these failures, the motion for default judgment [12] is **DENIED without prejudice**.

**SO ORDERED**, this 23rd day of November, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**
