IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BEONICA V. GASKILL-CLAYBORN**                                             **PLAINTIFF**

**V.**                         **NO. 1:20-CV-128-DMB-RP**

**MIGHTY OAKS CHILD DEVELOPMENT
CENTER, LLC and UNEMPLOYMENT
COMPENSATION BOARD OF APPEAL,
Commonwealth of Pennsylvania**                               **DEFENDANTS**

**ORDER**

Beonica V. Gaskill-Clayborn moves for a default judgment holding her former employer, Mighty Oaks Child Development Center, LLC, liable on her Title VII claims, and for a hearing to determine damages. Because the Court finds that a default judgment is procedurally warranted and that there is a sufficient basis for a default judgment in the pleadings, the motion will be granted.

**I
Procedural History**

On June 18, 2020, Beonica V. Gaskill-Clayborn filed a complaint in the United States District Court for the Northern District of Mississippi against Mighty Oaks Child Development Center, LLC, and the Unemployment Compensation Board of Appeal of the Commonwealth of Pennsylvania. Doc. #1. The complaint alleges that Mighty Oaks violated Title VII by failing to accommodate Gaskill-Clayborn's religion and by terminating her due to her religion. *Id.* at PageID 6–7. The complaint also seeks review of the Unemployment Compensation Board's decision that Gaskill-Clayborn was not entitled to unemployment benefits. *Id.* at PageID 7.

Gaskill-Clayborn moved for entry of a default against Mighty Oaks on October 22, 2020. Doc. #10. The Clerk of Court entered a default against Mighty Oaks on October 27, 2020. Doc.

#11. Two days later, Gaskill-Clayborn moved for a default judgment against Mighty Oaks. Doc. #12. On November 23, 2020, the Court denied the motion without prejudice because, in violation of the Court's local rules, there was no accompanying memorandum brief and because the motion did not "mention the claims in the complaint or explain why a default judgment is procedurally justified." Doc. #14 at 2. One week later, Gaskill-Clayborn filed a second motion for default judgment against Mighty Oaks. Doc. #16.

On December 15, 2020, pursuant to Federal Rule of Civil Procedure 41, Gaskill-Clayborn voluntarily dismissed her claims against the Unemployment Compensation Board. Doc. #19.

## II
## Analysis

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. A-11-cv-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). The first two steps have been satisfied here. Thus, the only issue left to consider is whether default judgment should be entered. In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F. Supp. 3d at 814.

### A. Procedural Justification

In determining whether a default judgment is procedurally warranted, a court should

2

consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where, as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("Green Tree has not filed a responsive pleading or otherwise appeared in this case, and thus has not contested any facts presented in Plaintiff's Complaint.").

Second, Mighty Oaks' failure to respond causes prejudice to Gaskill-Clayborn because it "threatens to bring the adversary process to a halt, effectively prejudicing [Gaskill-Clayborn's] interests in pursuing [her] rights afforded by law." *Id.*

Third, as mentioned above, the grounds for default (default and entry of default) have been clearly established.

Fourth, there is no evidence before the Court that the "default was caused by a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Mighty Oaks has not attempted to set aside the default in the approximately two and a half months since it was entered. "[W]hile default judgment is a harsh remedy, any harshness is mitigated [when defendants have] had substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, in the event Mighty Oaks later seeks to challenge the default, the Court is unaware of any facts that would make it "obliged to set aside the default." *Lindsey*, 161 F.3d at 893.

Considering these factors, the Court finds they all weigh in favor of default judgment being procedurally warranted in this case.

### B. Sufficient Basis in Pleadings

"In light of the entry of default, [a defendant is] deemed to have admitted the allegations set forth in [the p]laintiff's [c]omplaint." *J & J Sports*, 126 F. Supp. 3d at 815. However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). Addressing the "sufficient basis in the pleadings" requirement, the Fifth Circuit has stated:

> Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements. … and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint. Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (cleaned up).

### 1. Factual allegations

Mighty Oaks hired Gaskill-Clayborn as a preschool teacher on August 2, 2019. Doc. #1 at ¶ 15. Before she was hired, Gaskill-Clayborn informed Mighty Oaks manager Dana Tait that she was a Jehovah's Witness, and her religion prohibited celebrating certain holidays, including Halloween. *Id.* at ¶¶ 10–11. Because Mighty Oaks usually has holiday celebrations, Gaskill-Clayborn would not be able to work on the religiously prohibited holidays. *Id.* at ¶¶ 12–13. Tait

4

told Gaskill-Clayborn that this would not be a problem, as long as she requested the days she needed off in advance. *Id.* at ¶ 14.

On or around October 5, 2019, Gaskill-Clayborn asked Tait to be off on October 31 because of Halloween celebrations in the classroom. *Id.* at ¶ 16. Tait instructed Gaskill-Clayborn to submit a formal, written request two weeks before October 31. *Id.* at ¶ 17. Gaskill-Clayborn submitted a written request on or about October 17. *Id.* at ¶ 18. However, on October 29, Tait informed Gaskill-Clayborn that she would be required to work on October 31. *Id.* at ¶ 19. Gaskill-Clayborn explained that she had scheduled a dentist appointment for her daughter that day. *Id.* at ¶ 22.

Gaskill-Clayborn texted Tait early in the morning on October 31 to inform her that she would not be coming to work that day because of her religious beliefs and her daughter's appointment. *Id.* at ¶ 24. Tait informed Gaskill-Clayborn that she was "not permitted to be off work on October 31." *Id.* at ¶ 25. Gaskill-Clayborn again told Tait that she needed the day off and also informed Tait that she needed November 1 off. *Id.* at ¶ 26. When Gaskill-Clayborn returned to work the following Monday, she was fired by Tait.[1] *Id.* at ¶¶ 29–30.

### 2. Claims

To establish her religious discrimination claim, Gaskill-Clayborn must show that she (1) "held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action

---

[1] The complaint incorporates by reference an "Exhibit C" described to be a transcript of a recorded conversation between Gaskill-Clayborn and Tait on November 4. Doc. #1 at PageID 5. Exhibit C, which is unauthenticated and titled "Termination Meeting Transcript," indicates that Tait told Gaskill-Clayborn that she no longer had a position at Mighty Oaks because she failed to come to work on Friday, November 1. Doc. #1-3 at 2–3. "Federal Rule of Civil Procedure 10(c) provides that a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes. But not every document is a written instrument under Fed. R. Civ. P. 10(c)." *Monroe Grocery, Inc. v. United States*, No. 3:17-CV-922, 2018 WL 3589104, at *3 n.2 (M.D. Pa. May 3, 2018) (cleaned up) (collecting cases). Although the complaint incorporates the unauthenticated transcript, it is not the type of written document contemplated by Rule 10(c). However, without considering the transcript, the alleged facts set forth in the complaint are still "enough to raise a right to relief above the speculative level" as required for the entry of a default judgment. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

for failing to comply with the conflicting employment requirement." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 485 (5th Cir. 2014). For her failure to accommodate claim, she must show "(1) that [s]he had a bona fide religious belief that conflicted with an employment requirement; (2) that [s]he informed the employer of [her] belief; and (3) that [s]he was discharged for failing to comply with the conflicting employment requirement." *Antoine v. First Student, Inc.*, 713 F.3d 824, 831 (5th Cir. 2013).

Gaskill-Clayborn alleges that (1) she is a Jehovah's witness; (2) as a Jehovah's witness, she is prohibited from participating in certain holiday festivities, including Halloween celebrations at Mighty Oaks; (3) she informed Mighty Oaks of her beliefs and her need to be off work to avoid participating in celebrations; and (4) she was fired for refusing to work on Halloween. These allegations support her religious discrimination and failure to accommodate claims. Accordingly, there is a basis in the pleadings to support Gaskill-Clayborn's claims against Mighty Oaks.

### C. Remedies

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (collecting cases). Rather, "the burden of establishing damages rest[s] squarely and solely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011).

Gaskill-Clayborn does not present any evidence concerning damages but "request[s] an evidentiary hearing on damages," pursuant to Federal Rule of Civil Procedure 55(b)(2)(B). Doc. #17 at 9. Accordingly, the Court will set a hearing to determine the amount of damages.

### IV
### Conclusion

Gaskill-Clayborn's motion for default judgment [16] is **GRANTED**. A hearing on

damages will be set by separate notice.

     **SO ORDERED**, this 13th day of January, 2021.

                                                **/s/Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**